CORRIGAN, J. (*concurring in the result*). Although I dissented in *People v Smith*, 482 Mich 292 (2008), I concur in the Court's decision to remand for resentencing. I conclude that resentencing is called for in this case for the fundamental reason that, in imposing a sentence that departs from the sentencing guidelines, the sentencing judge did not articulate her reasons with enough specificity "to allow for effective appellate review." *People v Babcock*, 469 Mich 247, 259 n 13 (2003) ("[H]owever it is articulated, the quality of the trial court's statement must be sufficient to allow for effective appellate review."). For example, the sentencing judge observed that defendant lied to the court. His perjury may well constitute a substantial and compelling reason to depart. But because the judge did not describe the nature of the perjury or its effects on the underlying proceedings, we are unable to meaningfully evaluate whether her reasons were sufficient to support a departure.

*Leave to Appeal Granted June 23, 2009:*

PEOPLE V WILCOX, No. 136956. On order of the Court, the application for leave to appeal the June 5, 2008, judgment of the Court of Appeals is considered, and it is granted, limited to the issue whether the legislative sentencing guidelines, MCL 777.1 *et seq.*, applied to the defendant's sentence and, if so, whether the defendant is entitled to be resentenced. The parties may wish to compare the result in this case with the result in *People v Walton*, unpublished opinion per curiam of the Court of Appeals, issued June 3, 2008 (Docket No. 276161).

We further order the St. Joseph Circuit Court, in accordance with Administrative Order No. 2003-3, to determine whether the defendant is indigent and, if so, to appoint counsel to represent the defendant in this Court. Reported below: 280 Mich App 53.

KELLY, C.J. I would also grant leave to appeal with respect to the defendant's challenge to the constitutionality of MCL 768.27a, for the reasons set forth in my dissenting statement in *People v Xiong*, 483 Mich 951 (2009).

*Leave to Appeal Denied June 23, 2009:*

SIERRA CLUB MACKINAC CHAPTER V DEPARTMENT OF ENVIRONMENTAL QUALITY, No. 135898; Court of Appeals No. 269181.

MARKMAN, J. (*dissenting*). This case involves Department of Environmental Quality (DEQ) regulations concerning how Michigan's nearly 200 large animal farms, referred to as "concentrated animal-feeding operations (CAFOs)" must dispose of vast amounts of manure. This case produced a published Court of Appeals opinion with a dissent, and the DEQ now appeals, arguing that the Court of Appeals: (1) improperly reviewed the Environmental Protection Agency's approval of a state permit program, which it asserts is exclusively reserved for federal courts; and (2) mistakenly held that comprehensive nutrient management plans that must be submitted to the DEQ by CAFOs constituted an effluent limitation. The issues in this case are jurisprudentially significant and important for the agricultural economy of this state. Therefore, I would grant leave to appeal to consider these and other arguments.